IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Daniel Griffin and LaShonda Collier-Griffin | CASE NO. 13 B 06147<br>Judge Hon. Schmetterer<br>CHAPTER 13 |
| Daniel Griffin and LaShonda Collier-Griffin<br><br>Plaintiffs,<br><br>v.<br>Bank of America, NA servicing agent on behalf of HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-FM1<br><br>Defendant. | ADV. NO. 13 AP 00292 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.     The Parties**

1. The Plaintiffs are Daniel Griffin and LaShonda Collier-Griffin ("Plaintiffs").

2. The Defendant is Bank of America, NA servicing agent on behalf of HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF THE NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-FM1 ("Defendant").

**B.     Factual Background**

1. On or about February 19, 2013, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 8236 S. Sacramento Avenue, Chicago, IL 60652.

3. That Bank of America, NA holds a first mortgage lien on the real property commonly known as 8236 S. Sacramento Avenue, Chicago, IL 60652, with a secured claim of $143,794.00 pursuant to the Plaintiffs' recent credit report.

4. The defendant holds a second mortgage lien on the real property known as 8236 S. Sacramento Avenue, Chicago, IL 60652, with a claim of $39,428.00 pursuant to the Plaintiffs' recent credit report.

5. Plaintiffs obtained a property appraisal on February 28, 2013 from LM Appraisal Group indicating the value of 8236 S. Sacramento Avenue, Chicago, IL 60652 to be approximately $120,000.00.

6. The Chapter 13 Plan filed on February 20, 2013, provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $2,430.00 per month for 60 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 37% of their allowed claims.

8. On March 12, 2013, Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 8236 S. Sacramento Avenue, Chicago, IL 60652.

9. That on March 12, 2013, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to an officer of the Defendant and to the registered agent at:

Brian T Moynihan, President and CEO, Bank of America, 100 N. Tryon Street, Charlotte, NC 28255;

C T Corporation System, registered agent for Bank of America, 208 S. LaSalle Street, STE 814, Chicago, IL 60604;

Irene Dorner, President and Chief Executive Officer of HSBC Bank, U.S.A., N.A. 1800 Tysons Blvd. STE 50, Mclean, VA 22101; and to

Prober & Raphael, 20750 Ventura Blvd. Suite 100, Woodland Hills, CA 91364

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $120,000.00.

13. The first secured claim of Bank of America, NA in the amount of $143,794.00 exhausts the value and equity in Plaintiffs' residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

### A. Jurisdiction

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. Plaintiffs scheduled the first secured claim Bank of America, N.A. in the amount of $143,794.00, and the second secured claim of Bank of America, N.A. in the amount of $39,428.00.

5. That value of Plaintiffs' residence is $120,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Enter:       /s/ Donald R. Cassling

Dated: MAY 0 8 2013

United States Bankruptcy Judge

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625